IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD D. WILLIS,

     Plaintiff,                       No. CIV S-07-2691 GEB DAD PS

     vs.

CITI RESIDENTIAL LENDING and AMERIQUEST MORTGAGE COMPANY,                         ORDER

     Defendants.

_____/

        Plaintiff, a resident of Fort Worth, Texas, is proceeding pro se with a complaint for damages in which he alleges that defendants Citi Residential Lending and Ameriquest Mortgage Company ("Ameriquest") engaged in predatory lending practices and mortgage fraud and denied plaintiff the opportunity to own and refinance his home. Before the court is defendant Ameriquest's motion to dismiss the complaint for failure to state a claim upon which relief may be granted or, in the alternative, to transfer the case to the United States District Court for the Central District of California.

        Having reviewed defendant's motion and plaintiff's opposition, the court finds oral argument unnecessary. The motion is taken under submission pursuant to Local Rule 78-230(h), and the matter is dropped from the court's May 16, 2008 law and motion calendar. For

1

the reasons set forth below, the court will grant defendant's motion to transfer pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a).

The court screened plaintiff's pro se complaint prior to granting plaintiff's in forma pauperis application. Although the complaint is vague regarding jurisdiction and venue, the civil cover sheet that accompanied the complaint indicates that jurisdiction is predicated on federal question. Consistent with that indication, plaintiff did not complete the section of the form that concerns citizenship of the principal parties. The civil cover sheet identifies the nature of suit as "Truth in Lending." On the basis of plaintiff's entries on the civil cover sheet and the allegations of his complaint, the court construed the complaint as asserting claims under federal statutes that protect consumers and require truth in lending. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (a federal court may liberally construe the inartful pleading of parties appearing pro se).

With regard to venue, the court noted that plaintiff resides in Texas and defendants appear to be located in a city that lies within the Central District of California. However, the complaint contains no factual allegations about the location of the property at issue or the place where the alleged events occurred. At the screening stage, the court was unable to rule out the possibility that venue may be proper in the Eastern District of California.

Defendant Ameriquest demonstrates that each of the defendants is a Delaware corporation with its principal place of business in California and its offices in Orange, California. The alleged predatory lending and mortgage fraud occurred in connection with a mortgage loan on the property located at 7205 Norma Street, Fort Worth, Texas, which is plaintiff's address of record. Defendant argues that venue is proper in the Central District of California because the events and omissions at issue occurred in that district and the defendants are located there.[1]

/////

---

[1] Defendant Ameriquest informs the court that six days after filing this case plaintiff filed an identical complaint in the United States District Court for the District of Columbia. Both defendants were served, and both moved to dismiss for lack of personal jurisdiction and for improper venue. The case was dismissed without prejudice.

1  Under the venue statute applicable to civil actions not based on diversity
2  jurisdiction, such an action must be brought in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Plaintiff's action cannot be brought in the Eastern District of California pursuant to § 1391(b)(1) because, while all defendants are located in the State of California, no defendant is located in a county that is part of the Eastern District of California. See 28 U.S.C. § 84(b) (listing the 34 counties that comprise the Eastern District). The city of Orange is located in Orange County, which comprises the Southern Division of the Central District of California. See 28 U.S.C. § 84(c)(3). Plaintiff's action cannot be brought in the Eastern District of California pursuant to § 1391(b)(2) because none of the events or omissions giving rise to plaintiff's claims occurred in the Eastern District, and no property that is the subject of the action is situated in the Eastern District. Section 1391(b)(3) is not applicable to plaintiff's case because the action may be brought in the Central District.

The outcome is the same under the venue statute applicable to civil actions based solely on diversity jurisdiction. Such an action may be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). The first two provisions of § 1391(a) are identical to those in § 1391(b), and therefore neither provision provides a basis for venue in the Eastern District of California. Section 1391(a)(3) is not applicable for the same reason § 1391(b)(3) is not applicable.

1   Plaintiff bears the burden of showing that venue is proper in the chosen district.
2   <u>Piedmont Label Co. v. Sun Garden Packing Co.</u>, 598 F.2d 491, 496 (9th Cir. 1979); <u>Shari's</u>
3   <u>Berries Int'l, Inc. v. Mansonhing</u>, No. 02:06-cv-0768-GEB-GGH, 2006 WL 2382263, at *2 (E.D.
4   Cal. Aug. 17, 2006); <u>Koresko v. RealNetworks, Inc.</u>, 291 F. Supp. 2d 1157, 1160 (E.D. Cal.
5   2003). In opposition to defendant Ameriquest's venue arguments and evidence, plaintiff does
6   not dispute defendant's evidence and offers only the following conclusory assertions:

> 2. Plaintiff sued defendant for mortgage discrimination and predatory lending in the district court for the *Eastern District of California*
>
> 3. Venue is proper; therefore the court should not transfer the suit.

Pl.'s Opp'n to Def't Ameriquest's Mot. at 1 (italics in original).

In connection with the pending motion, the undersigned has considered plaintiff's filing titled "On Petition for Writ of Mandamus to the U.S. Stay and Desist Order." Plaintiff asserts that a writ should be issued because "the district court exceedd [sic] its authority in transferring this case without taking in account extenuating circumstances." Pl.'s Pet. for Writ at iii. Plaintiff concludes the filing with a request that the court issue an order "to stop the defendants from doing any retaliation actions on the property against the plaintiff until this lawsuit is heard." <u>Id.</u> at 11. The document merely reiterates the allegations of plaintiff's complaint and the arguments included in his opposition to defendant's motion. As additional opposition to the motion, the filing is unpersuasive. Plaintiff has cited no legal authority that permits a plaintiff to file an action in the judicial district of his choice solely on the basis of "extenuating circumstances." If there were such authority, plaintiff has failed to describe any extenuating circumstances that would justify litigation in the Eastern District of California.

Venue is not proper in the Eastern District of California on any ground. When venue is found to be improper, it is within the trial court's discretion to dismiss the case or transfer it. <u>See</u> 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district, shall dismiss, or if it be in the interest of justice,

4

transfer such case to any district or division in which it could have been brought."); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).  In the interest of justice, the court will grant defendant Ameriquest's motion to transfer the case to the Central District of California.  In the absence of proper venue, this court has not ruled on defendant Ameriquest's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or plaintiff's petition for a court order concerning retaliation.  These matters should be considered by a court where venue is proper.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Ameriquest's motion to dismiss or transfer is dropped from this court's May 16, 2008 law and motion calendar;

2. Defendant Ameriquest's April 9, 2008 motion to transfer is granted;

3. This action is transferred to the United States District Court for the Central District of California (Southern Division); and

4. The Clerk is directed to serve a copy of this order on the United States Marshal.

DATED: May 8, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
DDad1/orders.pro se/willis2691.mtdortransf.ord

5